## NANCY TARR v. ROSE EDDY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued April 28, 1891—Decided May 18, 1891.

1. A judgment, entered by a justice on the confession of the defendant voluntarily appearing in person, is not void, when for an amount within his jurisdiction, though the record recite that it is for a balance due on a note with warrant of attorney to confess judgment.

2. An unintelligible mark appearing on the face of the execution, it was not error to admit the testimony of the justice that it was meaningless, and intended only to fill a blank space; and with this explanation to admit the execution itself, as evidence of the validity of a sale thereunder.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 100 January Term 1891, Sup. Ct.; court below, No. 4
September Term 1889, C. P.

On May 15, 1889, Nancy Tarr, committee of G. A. W. Tarr,
brought replevin for certain property, against Rose Eddy;
property replevied and delivered to plaintiff. A statement of
claim being filed, the defendant pleaded property in herself.

At the trial, on October 22, 1890, the plaintiff showed title
to the property by purchase of the same at sheriff's sale as the
property of Robert G. Eddy, on May 11, 1889. The defend-
ant claimed title by purchase of the property at a constable's
sale, on May 6, 1889, as the property of said Robert G. Eddy.
To support her title, the defendant put in evidence the record
of a judgment before Simon Strouse, J. P. The record offered
set forth the case as an amicable action wherein Rose Eddy
was plaintiff and R. G. Eddy was defendant, and proceeded:

"And now, April 18, 1889, R. G. Eddy in court, and con-
fesses voluntarily judgment in favor of plaintiff, in the sum of
one hundred and ninety-five dollars and twenty cents ($195.20),
balance on judgment note dated October 10, 1887, given then
to the order of the defendant, with interest, in which judgment
note the defendant authorizes and empowers [here followed a
warrant of attorney to enter judgment, waiving inquisition,
condemnation, and exemption]; with interest from April 18,
1889, and costs of suit; wherefore, judgment confessed volun-
tarily."

The record showed also an execution issued on April 18,
1889, to Constable Megahey, and return thereon of a sale of
the property in dispute to the plaintiff in the writ, on May 6,
1889. The property levied upon was in Troy township. Me-
gahey was the constable of the Third ward in Titusville. The
execution was upon a printed blank and directed thus: "The
Commonwealth of Pennsylvania to the Constable of        ward,
Titusville, Greeting;" the blank space after the words, Consta-
ble of, having two perpendicular marks in ink much resembling
the Roman numeral II. The defendant offered the execution in
evidence, when the plaintiff objected because the process was
directed to the constable of the Second ward of Titusville.
The defendant then called the justice and asked, What does
that character after "Constable of" mean? Objected to.

Charge of Court below.

By the court: Objection overruled; offer admitted; exception.[5]

The witness testified that the perpendicular lines were made by him to fill up the blank space, and not to designate a particular ward.

The defendant again offered the execution in evidence. Objected to.

By the court: Objection overruled; offer admitted, exception.[6]

At the close of the testimony, the court, HENDERSON, P. J., after referring to the record evidence, and citing § 14, act of March 20, 1810, 5 Sm. L. 168; § 7, act of March 22, 1814, 6 Sm. L. 183; act of February 18, 1869, P. L. 208; act of March 28, 1870, P. L. 586, charged the jury:

It follows, therefore, that justices of the peace in Crawford county have jurisdiction of subjects of controversy, or actions on contracts, express or implied, for sums not exceeding three hundred dollars; and, inasmuch as under the act of 1810, as amended by the act of 1814, it was competent for justices of the peace to entertain amicable actions and confessions of judgment by a defendant, where the sum in controversy was under one hundred dollars, the act of 1869, applicable to Erie county, as extended to Crawford county in 1870, gives justices of the peace the same authority to entertain amicable actions for sums in controversy under three hundred dollars, and that without the presence of the plaintiff. [You will consider, therefore, gentlemen, that the confession of judgment before 'Squire Strouse, on April 18, 1889, for $195.20, was a lawful judgment, and that execution might issue upon it, for the collection thereof.] [2]

It is contended, however, that, conceding the judgment to have been valid, the execution was irregular, in this, that it was issued to the constable of the Second ward of Titusville for the collection of a debt, and that the debt was collected by levy upon and sale of property which was in Troy township, in Crawford county, and that by the constable of the Third ward of Titusville.

It is true, gentlemen, if this execution is directed to the constable of the Second ward of Titusville, and the writ was executed by the constable of the Third ward of Titusville, upon

Charge of Court below.

property in Troy township, no title passed by such sale. It becomes material, therefore, for you to determine whether the execution, offered in evidence, was directed by the magistrate, at the time of its delivery, to the constable of the Second ward of Titusville, or to constable Megahey, of the Third ward of Titusville; and it is in reference to this aspect of the case that it becomes material to determine what the meaning is of the marks entered by the magistrate on the execution, in the first line immediately preceding the words " ward of Titusville;" the marks to which reference has been made by the counsel for the defendant and by the counsel for the plaintiff.

[If those marks mean Second ward, if they were intended at the time the execution was made out and delivered by the magistrate, to mean the Second ward of Titusville, then a good title was not made by the constable of the Third ward in holding the sale of this property in Troy township. If the ward was not designated by the magistrate, if he did not put in those marks as indicative of a particular ward in Titusville, but left the ward blank, intending, as shown by the transcript in the case, to have the constable of the Third ward of Titusville execute the writ, then the sale by Constable Megahey, at the time shown by the transcript and by other evidence in the case, would pass a good title to the property.] [3]

[You have heard the testimony, you have examined or will examine the execution, gentlemen, and it will throw some light upon the question involved. You heard the testimony of 'Squire Strouse, the magistrate, who testifies that he did not insert those marks as indicating the Second ward of Titusville; that no ward was intended to be indicated. What he interprets the matter now to be, is not a matter of consequence, gentlemen; his evidence of what he did at that time is material. The witness's testimony seems to be that he did not at that time insert those marks for the purpose of indicating the First or Second ward, or any other ward in Titusville. His testimony is entitled to consideration with reference to that matter.] [4]

We refer this question to you, gentlemen, whether the execution offered in evidence, was issued by the magistrate in blank as to the ward in Titusville. The act of assembly requires the magistrate to issue the execution to the constable of the district in which the defendant lives, or to the next constable most con-

venient to the defendant. Inasmuch as the constable of the Second ward and the constable of the Third ward both live in Titusville, and the property was in the same locality in the country, you would perhaps readily conclude, as the court doubtless would, that the question of convenience was complied with in issuing the execution to the Third ward or any other ward in Titusville. The provision doubtless was made for the purpose of saving costs to the defendant, and to avoid an unnecessary bill for mileage of the constable. The constables of the Second and Third wards of Titusville were convenient to the residence of the defendant, who seems to have lived in the city of Titusville. . . . .

—The jury returned a verdict in favor of the defendant. Judgment having been entered, the plaintiff took this appeal, assigning, for error, inter aliá :

2–4. The portions of the charge embraced in [ ] [2 to 4]

5, 6. The admission of defendant's offers.[5] [6]

*Mr. Roger Sherman* (with him *Mr. Samuel Grumbine*), for the appellant.

That the justice had no jurisdiction to enter judgment on a warrant of attorney, counsel cited: Alberty v. Dawson, 1 Binn. 106; Camp v. Wood, 10 W. 118; McCale v. Kulp, 8 Phila. 636; Feger v. Kroh, 6 W. 294; King v. King, 1 P. & W. 15; Truitt v. Ludwig, 25 Pa. 145; Borland v. Ealy, 43 Pa. 111; Phillips's App., 34 Pa. 489; Penna. Pulp Co. v. Stoughton, 106 Pa. 458; Jacoby v. Shafer, 105 Pa. 610. That the testimony of the justice was not admissible to contradict the writing on the execution : Coffman v. Hampton, 2 W. & S. 377; and that the offer of the execution was improperly admitted: Gordon v. Camp, 3 Pa. 349.

*Mr. Julius Byles* (with him *Mr. Eugene Mackey*), for the appellee.

Counsel cited: (1) Gibbs v. Alberti, 4 Y. 373; Hazelett v. Ford, 10 W. 102; § 7, act of March 22, 1814, 6 Sm. L. 183; § 22, act of March 20, 1810, 5 Sm. L. 171; act of February 18, 1869, P. L. 208; act of March 28, 1870, P. L. 586 ; Tarbox v. Hays, 6 W. 398; Kramer v. Wellendorf, 129 Pa. 547. (2) 1 Greenl. Ev., § 435 ; Keeler v. Neal, 2 W. 424; Gordon v. Camp, 3 Pa.

349 ; Stewart v. Stocker, 1 W. 139; Stewart v. Stocker, 13 S. & R. 204.

PER CURIAM:

If, as the appellant alleges in his first assignment of error, the judgment entered by the justice of the peace against R. G. Eddy, and in favor of Rose Eddy, was void for want of jurisdiction, it may be that the defendant took no title to the goods in controversy by virtue of the constable's sale. We do not assent, however, to the proposition that the judgment was void. It was confessed by the defendant in person, in an amicable action before the justice. It was not entered, as was alleged, by virtue of a warrant of attorney. We are unable to see any reason why the judgment is void, or even voidable. Under such circumstances an execution might lawfully issue thereon. For an irregularity in the execution process the defendant therein would have a right to complain. The objection, in this instance, comes from a stranger, who assails its validity and that of the sale had thereupon. It is familiar law that no one can take advantage of a mere irregularity but the defendant himself. There is nothing upon the face of this record to show that the execution was void. It appears from the transcript of the justice that the writ was issued to Constable Megahey. Complaint is made that the court below permitted the justice to be examined as to the meaning of the marks II, on the face of the execution. Unexplained, they do not mean anything, and have no more significance than any other mark or scroll. The court below might well have disregarded it as irrelevant. Under the circumstances, the explanation was not error, and the evidence of the justice was properly admitted. It left the appellant without a case.

Affirmed.